NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NAGA SANDHYA MAHANANDIGARI & MADHU SUDAN REDDY MAHANANDIGARI, Plaintiffs, v. TATA CONSULTANCY SERVICES, *et al.*, Defendants. | Civil Action No.: 16-8746 (JLL) **OPINION** |

**LINARES**, Chief District Judge.

This matter comes before the Court by way of Plaintiffs Naga Sandhya Mahanandigari ("Mrs. Mahanandigari") and Madhu Sudan Reddy Mahanandigari's ("Mr. Mahanandigari") Motion for Reconsideration (ECF No. 28). Said Motion is for reconsideration of this Court's June 19, 2017 Opinion granting Defendant Tata Consultancy Services's ("TCS") Motion to Dismiss and Compel Arbitration. (ECF No. 26). Defendant has opposed said Motion (ECF No. 29), to which Plaintiffs have replied. (ECF No. 32). The Court has considered the parties' submissions and decides this matter without oral argument pursuant Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court denies Plaintiffs' Motion for Reconsideration.

## I. BACKGROUND[1]

Mr. and Mrs. Mahanandigari are husband and wife currently residing in Dallas, Texas. (ECF No. 1-1, Complaint, "Compl." at 1). Defendant TCS "is a multinational technology service,

---

[1] This Background is derived from Plaintiffs' Complaint, which the Court must accept as true at this stage of the proceedings. *See Alston v. Countrywide Fin. Corp.*, 585 F.3d 753, 758 (3d Cir. 2009).

consulting and business solutions company headquartered in Mumbai, India" (ECF No. 19 at 3) with a principal place of business in Edison, New Jersey. (Compl. ¶ 1). Both Plaintiffs are former employees of TCS. (Id. ¶¶ 6, 21).

In August 2015, Mrs. Mahanandigari began her employment with TCS, which required her to relocate from Dallas, Texas (her current residence) to Cincinnati, Ohio. (Id. ¶¶ 6, 7). Shortly thereafter, TCS lost an account "due to competition." (Id. ¶ 8). Plaintiffs allege that two TCS employees, Mr. Praveen Chekuri and Mr. Janaki Raman, directed Mrs. Mahanandigari to meet with the former client to get the account back. (Id. ¶ 9). Plaintiffs further allege that Mr. Chekuri told Mrs. Mahanandigari to "'do anything it takes' to get the account back[,]" but Mrs. Mahanandigari was unable to do so. (Id. ¶¶ 10, 11).

Plaintiffs assert that Mr. Chekuri retaliated against Mrs. Mahanandigari, allegedly telling her that she was not "beautiful enough," she should have "worn a good looking dress," "a man and/or a Caucasian woman" would have gotten the account back, and TCS "must hire attractive local women." (Id. ¶ 11) (internal quotations omitted). Mr. Chinmay Tripathi, an employee of TCS (id. ¶ 4), allegedly said the same to Mrs. Mahanandigari. (Id. ¶ 12). Plaintiffs further assert that Mr. Tripathi added that "if [Mrs. Mahanandigari] needed a job, the way it works is totally different[,]" that TCS "is a tough place for Indian women[,]" and that "men re-locate easier than women." (Id. ¶ 12-14) (internal quotations omitted). Mr. Raman allegedly said the same to Mrs. Mahanandigari. (Id. ¶ 15).

"Subsequently, Mrs. Mahanandigari was [allegedly] not given any more work, was instructed to locate back to Dallas, Texas for purported 'project relocation' reasons, with the promise that relocation expenses would be reimbursed." (Id. ¶ 16). Plaintiffs allege that TCS never assigned Mrs. Mahanandigari work nor reimbursed her for the relocation expenses. (Id. ¶¶

17-18). Plaintiffs further allege that TCS summarily terminated Mrs. Mahanandigari without notice and "for no good reason." (Id. ¶ 20).

Thereafter, TCS allegedly "targeted Mr. Mahanandigari[]" to constructively discharge him for his "wife's failure to use her femininity and sexuality to persuade a client to return to [TCS]." (Id. ¶¶ 21, 26). Specifically, Mr. Chekuri allegedly "reassigned Mr. Mahanandigari and forced him to work more than eight (8) hours at a time, manning calls with India overnight without pay, and also forc[ed] him to work after business hours and [on] holidays." (Id. ¶ 22). Plaintiffs allege that in an effort to make Mr. Mahanandigari fail, Mr. Chekuri assigned Mr. Mahanandigari to numerous tasks that were not within his skill set, some of which were "personally related to his wife's former projects." (Id. ¶¶ 23, 25). Mr. Chekuri also allegedly spoke ill of Mrs. Mahanandigari in front of Mr. Mahanandigari and other staff, making similar remarks as allegedly made to Mrs. Mahanandigari herself. (Id. ¶ 24).

Against this backdrop, Plaintiffs filed the instant action on October 18, 2016 in the Superior Court of New Jersey, Law Division, Middlesex County. (ECF No. 1). The Complaint asserted nine causes of action for violations of the New Jersey Law Against Discrimination (Counts I-IV, IX), breach of contract (Count V), breach of the covenant of good faith and fair dealing (Count VI), loss of consortium (Count VII), and aiding and abetting violations of the New Jersey Law Against Discrimination (Count VIII). (Compl. ¶¶ 31-65). Defendants removed the action from the Superior Court of New Jersey to this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332. (ECF No. 1 at 2). Thereafter, Defendants filed a Motion to Dismiss and Compel Arbitration pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 19). The Court granted said motion, compelling arbitration and dismissing all of Plaintiffs' claims. (ECF No. 26).

In the Court's Opinion, the Court set out to determine whether there was a valid arbitration agreement and, if so, whether Plaintiffs' claims fell within the scope of the arbitration agreement. (ECF No. 26 at 4). The Court determined that arbitration was the appropriate avenue for this litigation because Plaintiffs signed a valid arbitration agreement, and each of the claims fell "squarely within the scope of the Arbitration Agreement." (ECF No. 26 at 8). Plaintiffs now file a Motion for Reconsideration of the aforementioned determination of this Court. (ECF No. 28).

## II. LEGAL STANDARD

"[R]econsideration is an extraordinary remedy that is granted '*very sparingly*.'" L. Civ. R. 7.1(i) cmt. 6(d) (quoting *Brackett v. Ashcroft*, No. 03-3988, 2003 WL 22303078, *2 (D.N.J. Oct. 7, 2003)) (emphasis added); *see also Fellenz v. Lombard Investment Corp.*, 400 F. Supp. 2d 681, 683 (D.N.J. 2005). A motion for reconsideration "may not be used to re-litigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). To prevail on a motion for reconsideration, the moving party must "set[ ] forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L. Civ. R. 7.1(i).

The Court will reconsider a prior order only where a different outcome is justified by: "(1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct a clear error of law or prevent manifest injustice. *N. River Ins. Co. v. CIGNA Reinsurance, Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995) (internal quotations omitted). A court commits clear error of law "only if the record cannot support the findings that led to that ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug.16, 2010) (*citing United States v. Grape*, 549 F.3d 591, 603–04 (3d

Cir. 2008)). "Thus, a party must . . . demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.* "Mere 'disagreement with the Court's decision' does not suffice." *Id.* (*quoting P. Schoenfeld,* 161 F. Supp. 2d at 353). Moreover, when the assertion is that the Court overlooked something, the Court must have overlooked some dispositive factual or legal matter that was presented to it. *See* L. Civ. R. 7.1(i).

### III. <u>ANALYSIS</u>

Plaintiffs argue that the Court's Opinion granting Defendant TCS's Motion to Dismiss and Compel Arbitration failed to consider the issue preclusion effect of the doctrine of *res judicata*. (ECF No. 28 at 2). Plaintiffs assert that if the Court does not reconsider its decision, said decision would create manifest injustice because the compelled arbitration of Mrs. Mahanandigari's claims would preclude those same issues from litigation of Mr. Mahanandigari's claims. (Id.).

Plaintiffs made a similar argument in their opposition to Defendants' Motion to Dismiss and Compel Arbitration. (ECF No. 20 at 3-4). There, Plaintiffs argued that the arbitration of Mrs. Mahanandigari's claims would have claim preclusive effect on Mr. Mahanandigari's claims. (Id.). This Court stated that ruling in favor of said argument would be "inapposite to the Court's analysis with respect to the two-part inquiry" for whether to compel arbitration. (ECF No. 26 at 9). Even had the issue been relevant, the Court dismissed, as a matter of law, the notion that Mrs. Mahanandigari's arbitrated claims would have a preclusive effect on Mr. Mahanandigari's claims because Plaintiffs failed to show the Court that Mr. Mahanandigari was a party or in privity to Mrs. Mahanandigari's arbitration. (Id. at 9-10).

Here, the same analysis forecloses Plaintiffs' issue preclusion argument. The fact that the necessary analysis for claim and issue preclusion are similar indicates that Plaintiffs could have

raised the issue in their original opposition. Plaintiffs cannot now seek to interject additional arguments for this Motion for Reconsideration. *See P. Schoenfeld Asset Mgmt., LLC*, 161 F. Supp. 2d at 352. Furthermore, as this Court noted in its original Opinion, the application of issue preclusion is irrelevant to the analysis of whether or not to compel arbitration. Plaintiffs failed to cite to any law at the time they opposed Defendants' Motion to Dismiss which would have persuaded this Court to reach an opposite conclusion, and fail to do so in their Motion for Reconsideration.

Moreover, even if issue preclusion were relevant, issue preclusion ordinarily does not apply to a nonparty because the nonparty "has not had a 'full and fair opportunity to litigate' the claims and issues settled in that suit." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). This rule applies unless the nonparty is subject to an exception. *See id.* at 893. Plaintiffs argue that they meet the parties in privity exception because they are married, they both worked for TCS, and their claims arise out of a common set of facts. (ECF No. 28 at 5). However, Plaintiffs cite no case law indicating that this would give rise to issue preclusion. Rather, Plaintiffs confuse *dicta* as a legal test. (Id.). Plaintiffs have again not persuaded this Court that they are parties in privity or meet any other exception to the general rule that issue preclusion does not apply to a nonparty. Plaintiffs' argument is inappropriate, beside the point, and without merit.

In short, the Court finds that Plaintiffs have failed to meet the reconsideration standard. Their moving papers do not contain any intervening change in controlling law. Additionally, Plaintiffs fail to raise any new evidence that was not previously available to them that would require a different outcome. Finally, Plaintiffs simply cannot show that dismissal of the claims led to a manifest injustice. Rather, Plaintiffs merely attempt to reargue the position they took when they opposed the initial Motion to Dismiss, and attempt to raise a "new" argument, which is both

improperly raised at this juncture and essentially a repackaging of their original arguments. Accordingly, Plaintiffs cannot carry their burden on this Motion for Reconsideration.

## IV. CONCLUSION

For the reasons above, the Court denies Plaintiffs' Motion for Reconsideration. An appropriate Order accompanies this Opinion.

DATED: August 2nd, 2017

/s/ Jose L. Linares
JOSE L. LINARES
Chief Judge, United States District Court