**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

NOT FOR PUBLICATION

| | |
|---|---|
| MAHANANDIGARI,<br><br>Plaintiffs,<br>v.<br><br>TATA CONSULTING SERVICES, et al.,<br><br>Defendants. | Civil Action No.<br><br>2:16-CV-08746-JLL-SCM<br><br>**REPORT AND RECOMMENDATIONS ON PLAINTIFF'S MOTION TO REOPEN THE CASE AND TO AMEND THE COMPLAINT**<br><br>**[D.E. 35]** |

**STEVEN C. MANNION**, United States Magistrate Judge:

Before the Court is Plaintiff Madhu Sudan Reddy Mahanandigari's ("Mr. Mahanandigari") Motion to Reopen and to File an Amended Complaint.[1] Defendant Tata Consulting Services ("Tata") filed opposition, and Mr. Mahanandigari filed his reply.[2] The Honorable Jose L. Linares, United States District Judge, referred the motions to the undersigned for a report and recommendation.[3] There was no oral argument. Upon consideration of the parties' respective submissions and for the reasons stated below, it is respectfully recommended that the motions to re-open and file an amended complaint be **denied**.

---

[1] (D.E. 35, Mot. to Reopen and Am.). Unless indicated otherwise, the Court will refer to documents by their docket entry number and the page numbers assigned by the Electronic Case Filing System.

[2] (D.E. 36, Def.'s Brief; D.E. 39, Pl. Reply).

[3] *See* Local Civil Rule 72.1(a)(2).

I.   **BACKGROUND AND PROCEDURAL HISTORY**[4]

The Court presumes familiarity with the case and provides only a brief review here. Mr. Mahanandigari and his wife ("Mrs. Mahanandigari," together with Mr. Mahanandigari, "the Mahanandigaris") filed this case in state court and Defendant Tata Consulting Services ("Tata") removed it to federal court on November 23, 2016.[5] The original complaint contained nine counts, three of which named only Mrs. Mahanandigari, one of which named only Mr. Mahanandigari, with the remaining five either naming both or using the plural "Plaintiffs."[6] On June 19, 2017, the District Court granted Tata's Motion to Dismiss and Compel Arbitration.[7] On August 2, 2017, the District Court denied the Mahanandigaris' motion for reconsideration and ordered the case closed.[8] The denial of reconsideration made clear that it understood the June 19, 2017 order to have dismissed all claims in the case.[9] The Mahanandigaris did not appeal either the order granting Tata's motion to dismiss or the order denying the motion for reconsideration. On October 2, 2017, Mr. Mahanandigari filed the instant motion as the sole plaintiff.[10]

Mr. Mahanandigari's brief in support of his motion assumes that the District Court had dismissed only one of Mr. Mahanandigari's claims, leaving his other claims in place.[11] Indeed, the

---

[4] The allegations set forth within the pleadings and motion record are relied upon for purposes of this motion only. The Court has made no findings as to the veracity of the parties' allegations.

[5] (D.E. 1, Not. of Removal).

[6] (D.E. 1-1, Not. of Removal, Ex. 1, Compl., 6-13).

[7] (D.E. 26, Opinion, June 19, 2017); (D.E. 27, Order, June 19, 2017).

[8] (D.E. 33, Opinion, Aug. 2, 2017); (D.E. 34, Order, Aug. 2, 2017).

[9] (D.E. 33, Opinion, Aug. 2, 2017, 3).

[10] (D.E. 35, Mot. to Reopen and Am.).

[11] (D.E. 35-7, Mot. to Reopen and Am., Ex. 7, 4-6).

June 19, 2017 order referred to the fact that Tata did not move to dismiss Mr. Mahanandigari's claims, and in fact filed an answer in response to them.[12] The District Court did dismiss Mr. Mahanandigari's loss of consortium claim *sua sponte* because such a claim is contingent on the spouse's underlying claim, which in this case was sent to arbitration.[13] Though the District Court's order granting the motion to dismiss did not itself include an order to terminate the action, the docket entry for the order demonstrates that the case was terminated that day.[14] This apparent clerical error may have led to the District Court's statement in its reconsideration opinion that it had in fact dismissed all claims in the action: "The Court granted [Tata's motion to dismiss], compelling arbitration and dismissing all of Plaintiffs' claims."[15] And with this assumption, the District Court did order the case closed when it denied reconsideration.[16]

## II. LEGAL STANDARD

As Mr. Mahanandigari would like the Court to provide relief from the judgment that ordered the case closed, and allow him to file an amended complaint, his motion is best construed as a joint Rule 60(b) and Rule 15(a) motion. "Motions seeking to amend a complaint that are made after a judgment of dismissal has been entered have been construed as Rule 60(b) motions[,]"[17]

---

[12] (D.E. 27, Order, June 19, 2017, 10, n. 3).

[13] *Id.*

[14] (D.E. 34, Order, Aug. 2, 2017).

[15] (D.E. 33, Opinion, Aug. 2, 2017, 3).

[16] (D.E. 34, Order, Aug. 2, 2017).

[17] *Ahmed v. Dragovich*, 297 F.3d 201, 208 (3rd Cir. 2002) (citation, internal quotation marks, and brackets omitted).

and a "court will normally conjoin the Rule 60(b) and Rule 15(a) motions to decide them simultaneously, as it would be a needless formality for the court to grant the motion to reopen the judgment only to deny the motion for leave to amend."[18]

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings, and provides, in pertinent part, that a party may amend after obtaining the Court's leave or the written consent of its adversary.[19] "The decision to grant a motion for leave to amend is within the sound discretion of the District Court."[20] Under this liberal rule, the Court must "freely give leave when justice so requires."[21] This lenient standard ensures that "a particular claim will be decided on the merits rather than on technicalities."[22] In the absence of unfair prejudice, futility of amendment, undue delay, bad faith, or dilatory motive, the Court must grant a request for leave to amend.[23]

A proposed amendment "is futile if the amended complaint would not survive a motion to dismiss."[24] Thus, in determining futility, the Court applies the same legal standard employed under

---

[18] *Id.* at 209 (citation and internal quotation marks omitted).

[19] Fed. R. Civ. P.15(a).

[20] *Winer Family Trust v. Queen*, 503 F.3d 319, 331 (3d Cir. 2007).

[21] Fed. R. Civ. P. 15(a)(2); *see also* Wright & Miller section 1484, at 676 ("Subdivision (a)(2) encourages the court to look favorably on requests to amend.").

[22] *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990) (internal citation omitted); *see also Sabatino v. Union Township*, No. 11-1656, 2013 U.S. Dist. LEXIS .54866, at *17-18 (D.N.J. April 15, 2013) (internal citations omitted) (acknowledging that "if the underlying facts relied upon by a party might be a proper subject of relief, that party should have the opportunity to test its claims on the merits.").

[23] *Grayson v. Mayview State Hosp.*, 292 F. 3d 103, 108 (3d Cir. 2002); *see also Arthur v. Maersk, Inc.*, 434 F. 3d 196, 204 (3d Cir. 2006) (stating that leave to amend should typically be granted "unless equitable considerations render it otherwise unjust.").

[24] *County of Hudson v. Janiszewski*, 351 F. App'x 662, 666 (3d Cir. 2009) (quoting *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000)).

a Rule 12(b)(6) motion to dismiss.[25] The Court takes "all pleaded allegations as true and view[s] them in a light most favorable to the plaintiff;" however, it "need not accept sweeping legal conclusions cast in the form of bald assertions, unwarranted inferences, or unsupported conclusions."[26] Defendants bear the burden of establishing that Plaintiff's proposed amendments are futile.[27]

### III. DISCUSSION AND ANALYSIS

The original complaint contained nine counts, three of which were solely on behalf of Mrs. Mahanandigari, one of which was solely on behalf of Mr. Mahanandigari, with the remaining five on behalf of both.[28] One of the counts on behalf of both of the Mahanandigaris was for loss of consortium, and Mr. Mahanandigari's portion of this count was explicitly dismissed along with all of Mrs. Mahanandigari's counts.[29] That would ostensibly have left five counts on behalf of Mr. Mahanandigari before the case was closed. Mr. Mahanandigari's proposed amended complaint now contains three counts, presumably because two of the counts in the original complaint seem to be duplicative recitations of his employment discrimination retaliation claim.[30] So his proposed

---

[25] *See U.S. Fire Ins. Co. v. Kelman Bottles*, 538 F. App'x. 175, 184 (3d Cir. 2013) (internal citations and quotations omitted).

[26] *Winer Family Tr.*, 503 F.3d at 331; *Gutwirth v. Woodford Cedar Run Wildlife Refuge,* 38 F. Supp. 3d 485, 489 (D.N.J. 2014) (internal citations and quotation marks omitted).

[27] *Pharmaceutical Sales & Consulting Corp. v. J.W.S. Delavau Co.*, 106 F. Supp. 2d 761, 764 (D.N.J. 2000).

[28] (D.E. 1-1, Not. of Removal, Ex. 1, Compl., 6-13).

[29] (D.E. 27, Order, June 19, 2017).

[30] (*See* D.E. 1-1, Not. of Removal, Ex. 1, Compl., 6-13).

amended complaint consists of a single employment discrimination retaliation claim, as well as a breach of contract claim, and a breach of the covenant of good faith and fair dealing claim.[31]

Mr. Mahanandigari's proposes to bring his retaliation claim under the New Jersey Law Against Discrimination ("NJLAD") and New Jersey common law.[32] However, since Mr. Mahanandigari did not work in New Jersey, he cannot bring such a claim. "New Jersey courts have consistently applied the law of the state of employment to workplace claims, and have therefore only applied the NJLAD if the plaintiff worked in New Jersey."[33] This is the case even when the employer headquarters are located in New Jersey and named defendants work in New Jersey: "the NJLAD does not apply to the discrimination claims of…non-residents of New Jersey who work outside of the state for companies headquartered in New Jersey and named individual defendants who lived and worked in New Jersey."[34] Mr. Mahanandigari never worked in New Jersey, so he cannot bring an NJLAD claim.

Mr. Mahanandigari argues that even if he cannot bring claims under the NJLAD, he can bring employment discrimination claims under the common law.[35] However, that is incorrect. Mr. Mahanandigari's argument to the contrary relies on a New Jersey Supreme Court case,[36] which

---

[31] (D.E. 35, Mot. to Reopen and Am., Ex. 2, 8-10).

[32] (D.E. 35, Mot. to Reopen and Am., Ex. 2, 8).

[33] *Satz v. Taipina*, No. 01-5921, 2003 WL 22207205, at *16 (D.N.J. Apr. 15, 2003), *aff'd,* 122 F. App'x 598 (3d Cir. 2005).

[34] *Seibert v. Quest Diagnostics Inc.,* No. 11-304, 2012 WL 1044308, at *5 (D.N.J. Mar. 28, 2012); *see also Brunner v. AlliedSignal, Inc.*, 198 F.R.D. 612, 613-14 (D.N.J. 2001) (Pennsylvania law applied to a New Jersey resident employee who worked in Pennsylvania for a company headquarted in New Jersey).

[35] (D.E. 39, Pl.'s Reply, 11).

[36] *Shaner v. Horizon Bancorp.*, 116 N.J. 433 (1989).

was overruled by the legislature less than a year after it was decided.[37] That overruled case, *Shaner*, held that the NJLAD did not provide a right to a jury trial, and the court there opined that "the judicial cause of action under the LAD is similar in purpose and effect to an administrative action."[38] Though Mr. Mahanandigari's brief claims *Shaner* was abrogated "on separate grounds,"[39] in actuality, all of the analysis was directed to the determination of whether the NJLAD provided a right to a jury trial. As the legislature swiftly overturned the decision, it necessarily rejected much of the reasoning in that case. The case therefore offers no support for Mr. Mahanandigari, and in fact cuts against him, as it has been directly rejected by the New Jersey legislature - a rejection recognized by the New Jersey Supreme Court itself.[40] Furthermore, the plain language of the NJLAD demonstrates that with respect to the types of action it covers – and it covers Mr. Mahanandigari's retaliation claim – it is the exclusive remedy: "the procedure herein provided shall, while pending, be exclusive; and the final determination therein shall exclude any other action, civil or criminal, based on the same grievance of the individual concerned."[41] As Mr.

---

[37] *See Allstate New Jersey Ins. Co. v. Lajara*, 222 N.J. 129, 150–51 (2015) ("The Legislature clearly understands the high, preferred place of the right of trial by jury, as is clear from its response to our decision in *Shaner*… Seven months after the *Shaner* decision, the Legislature amended the LAD to provide the right to a jury trial in private-party LAD actions. The swiftness of the Legislature's reaction to this Court's decision leads to the inference that the amendment was curative, intended to express that the Legislature actually meant to confer a jury-trial right despite its failure to expressly say so." (internal citation omitted)).

[38] *Shaner*, 116 N.J. at 441.

[39] (D.E. 39, Pl.'s Reply, 11).

[40] *See supra* n. 35.

[41] N.J. Stat. Ann. § 10:5-27 (West); *see also Norenius v. Multaler, Inc.*, 2008 WL 4162878, at *8 (N.J. Super. Ct. App. Div. Sept. 11, 2008) ("*N.J.S.A.* 10:5-27 expressly provides that the LAD is the exclusive remedy for acts of discrimination declared illegal under the LAD…*N.J.S.A.* 10:5-12(a) prohibits sexual harassment and sexual harassment creating a hostile work environment

Mahanandigari cannot bring his employment discrimination retaliation claim, it would be futile to reopen the case and allow him to amend the complaint in order to pursue such a claim.

Mr. Mahanandigari also seeks to proceed with his claims for breach of contract and breach of the covenant of good faith and fair dealing, which are ostensibly due to Tata's failure to pay promised relocation expenses.[42] However, since the Court would lack subject matter jurisdiction over these claims, it would also be futile to allow Mr. Mahanandigari to reopen the case, amend the complaint, and attempt to pursue these claims. The claims are based on state law, so the Court would not have federal question jurisdiction.[43] The Court would also lack diversity jurisdiction because there is no allegation that the amount in controversy on these two claims exceeds $75,000.[44] (The Court additionally notes that though the original and proposed amended complaints state in the relevant counts that both the Mahanandigaris were promised relocation expenses,[45] the Statements of Facts in both complaints indicate that the relocation expenses were promised specifically with regard to Mrs. Mahanandigari's employment.[46] Were this to be the case, then those claims would also be subject to the compelled arbitration, providing a further reason for futility.)

---

and *N.J.S.A.* 10:5-12(d) prohibits reprisals against any person because that person has opposed any practices or acts forbidden under this act[.]").

[42] (D.E. 35, Mot. to Reopen, Ex. 2, 9-10).

[43] *See* 28 U.S.C. § 1331.

[44] *See* 28 U.S.C. § 1332(a).

[45] (D.E. 1-1, Not. of Removal, Ex. 1, Compl., 10); (D.E. 35, Mot. to Reopen, Ex. 2, 9-10).

[46] (D.E. 1-1, Not. of Removal, Ex. 1, Compl., 4, ¶ 16); (D.E. 35, Mot. to Reopen, Ex. 2, 4, ¶ 16).

## IV. RECOMMENDATION

Since Mr. Mahanandigari's retaliation count does not state a claim for which relief may be granted, and since the Court does not have jurisdiction over his other two claims, amending the complaint and proceeding with this action would be futile. "[A]s it would be a needless formality for the court to grant the motion to reopen the judgment only to deny the motion for leave to amend[,]"[47] the undersigned recommends that Mr. Mahanandigari's Motion to Reopen and File an Amended Complaint be **denied**. The parties have fourteen (14) days to file and serve any objections to this Report and Recommendation.[48] "The District Court need not consider frivolous, conclusive, or general objections."[49]



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

11/9/2017 12:15:36 PM

Original: Clerk of the Court
Hon. Jose L. Linares, U.S.D.J.
cc: All parties
    File

---

[47] *Ahmed*, 297 F.3d at 209 (citation and internal quotation marks omitted).

[48] 28 U.S.C. § 636; L. Civ. R. 72.1(c)(2).

[49] *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir.1987).