NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NAGA SANDHYA MAHANANDIGARI & MADHU SUDAN REDDY MAHANANDIGARI, <br><br> Plaintiffs, <br><br> v. <br><br> TATA CONSULTANCY SERVICES, *et al.*, <br><br> Defendants. | Civil Action No.: 16-8746 (JLL) <br><br> **OPINION** |

**LINARES**, Chief District Judge.

This matter comes before the Court by way of Plaintiffs Naga Sandhya Mahanandigari ("Mrs. Mahanandigari") and Madhu Sudan Reddy Mahanandigari's ("Mr. Mahanandigari") objection to Magistrate Judge Steven C. Mannion's Report and Recommendation dated November 9, 2017. (ECF No. 40). Defendant Tata Consultancy Services ("TCS") has responded to Plaintiffs' objection. (ECF No. 42). The Court has considered the parties' submissions and decides this matter without oral argument pursuant Rule 78 of the Federal Rules of Civil Procedure and Rule 72.1(c)(2) of the Local Rules of Federal Procedure. For the reasons set forth below, the Court adopts Judge Mannion's Report and Recommendation, and denies Plaintiffs' "Motion to Reopen Case and Amend Complaint."

## I. BACKGROUND[1]

Mr. and Mrs. Mahanandigari are husband and wife who currently reside in Dallas, Texas. (ECF No. 1-1, Complaint, "Compl." at 1). Defendant TCS "is a multinational technology service,

---

[1] This Background is derived from Plaintiffs' Complaint, which the Court must accept as true at this stage of the proceedings. *See Alston v. Countrywide Fin. Corp.*, 585 F.3d 753, 758 (3d Cir. 2009).

consulting and business solutions company headquartered in Mumbai, India" (ECF No. 19 at 3) with a principal place of business in Edison, New Jersey. (Compl. ¶ 1). Both Plaintiffs are former employees of Defendant TCS. (Id. ¶¶ 6, 21).

In August 2015, Mrs. Mahanandigari began her employment with TCS, which required her to relocate from Dallas, Texas to Cincinnati, Ohio. (Id. ¶¶ 6, 7). Shortly thereafter, Defendant TCS lost a business account "due to competition." (Id. ¶ 8). Plaintiffs allege that two Defendant TCS employees, Mr. Praveen Chekuri and Mr. Janaki Raman, directed Mrs. Mahanandigari to meet with the former client in order to get the account back. (Id. ¶ 9). Plaintiffs further allege that Mr. Chekuri told Mrs. Mahanandigari to "'do anything it takes' to get the account back[,]" but Mrs. Mahanandigari was unable to do so. (Id. ¶¶ 10, 11).

Plaintiffs assert that Mr. Chekuri retaliated against Mrs. Mahanandigari, allegedly telling her that she was not "beautiful enough," she should have "worn a good looking dress," "a man and/or a Caucasian woman" would have gotten the account back, and Defendant TCS "must hire attractive local women." (Id. ¶ 11) (internal quotations omitted). Mr. Chinmay Tripathi, an employee of Defendant TCS (id. ¶ 4), also shared this sentiment and expressed same to Mrs. Mahanandigari. (Id. ¶ 12). Plaintiffs further assert that Mr. Tripathi added that "if [Mrs. Mahanandigari] needed a job, the way it works is totally different[,]" that TCS "is a tough place for Indian women[,]" and that "men re-locate easier than women." (Id. ¶ 12-14) (internal quotations omitted). Mr. Raman allegedly said the same to Mrs. Mahanandigari. (Id. ¶ 15).

"Subsequently, Mrs. Mahanandigari was [allegedly] not given any more work, was instructed to locate back to Dallas, Texas for purported 'project relocation' reasons, with the promise that relocation expenses would be reimbursed." (Id. ¶ 16). According to Plaintiffs, Defendant TCS never assigned Mrs. Mahanandigari any work nor reimbursed her for the

relocation expenses. (Id. ¶¶ 17-18). Plaintiffs further allege that Defendant TCS summarily terminated Mrs. Mahanandigari without notice and "for no good reason." (Id. ¶ 20).

Thereafter, Defendant TCS allegedly "targeted Mr. Mahanandigari[]" to "constructively discharge" him for his "wife's failure to use her femininity and sexuality to persuade a client to return to [Defendant TCS]." (Id. ¶¶ 21, 26). Specifically, Mr. Chekuri allegedly "reassigned Mr. Mahanandigari and forced him to work more than eight (8) hours at a time, manning calls with India overnight without pay, and also forc[ed] him to work after business hours and [on] holidays." (Id. ¶ 22). Plaintiffs assert that, in an effort to make Mr. Mahanandigari fail, Mr. Chekuri assigned Mr. Mahanandigari to numerous tasks that were not within his skill set, some of which were "personally related to his wife's former projects." (Id. ¶¶ 23, 25). Additionally, Mr. Chekuri allegedly spoke negatively about Mrs. Mahanandigari in front of Mr. Mahanandigari and other staff, making similar remarks as allegedly made to Mrs. Mahanandigari herself. (Id. ¶ 24).

Against this backdrop, Plaintiffs filed the instant action on October 18, 2016 in the Superior Court of New Jersey, Law Division, Middlesex County. (ECF No. 1). The Complaint asserted nine causes of action for violations of the New Jersey Law Against Discrimination ("NJLAD") (Counts I-IV, IX), breach of contract (Count V), breach of the covenant of good faith and fair dealing (Count VI), loss of consortium (Count VII), and aiding and abetting violations of NJLAD (Count VIII). (Compl. ¶¶ 31-65). Defendants removed the action from the Superior Court of New Jersey to this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332. (ECF No. 1 at 2). Thereafter, Defendants filed a Motion to Dismiss and Compel Arbitration pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 19). The Court granted said motion, compelling arbitration and dismissing all of Plaintiffs' claims. (ECF No. 26).

In the Court's Opinion, the Court undertook the determination of whether there was a valid arbitration agreement and, if so, whether Plaintiffs' claims fell within the scope of the arbitration agreement. (ECF No. 26 at 4). The Court ultimately determined that arbitration was the appropriate avenue for this litigation because Plaintiffs had signed a valid arbitration agreement, and each of the claims fell "squarely within the scope of the Arbitration Agreement." (Id. at 8).

Thereafter, on July 3, 2017, Plaintiffs filed a Motion for Reconsideration of the aforementioned determination by this Court. (ECF No. 28). The Motion was fully briefed on August 1, 2017. (ECF Nos. 29, 32). On August 2, 2017, this Court denied Plaintiffs' Motion for Reconsideration. (ECF Nos. 33, 34). In denying the Motion, this Court held "that Plaintiffs [] failed to meet the reconsideration standard" because they pointed to no "intervening change in controlling law" nor did they support the Motion with any new evidence that would require the Court to reinstate the matter. (ECF No. 33 at 6).

On October 9, 2017, more than two months after this Court denied Plaintiffs' Motion for Reconsideration, Plaintiffs filed a "Motion to Reopen Case and Amend Complaint." (ECF No. 35). Said Motion was fully briefed on November 6, 2017. (ECF No. 39). On November 9, 2017, Judge Mannion entered a Report and Recommendation wherein Judge Mannion recommended denying Plaintiffs' Motion. (ECF No. 40) Judge Mannion concluded that "Mr. Mahanandigari's retaliation count does not state a claim for which relief may be granted, and ... the Court does not have jurisdiction over his other two claims." (Id. at 9).

Judge Mannion found that Mr. Mahanandigari's NJLAD claim could not lie because Mr. Mahanandigari did not work in New Jersey. (Id.). In arriving at this conclusion, Judge Mannion relied on *Satz v. Taipina*, 2003 WL 22207205, at *16 (D.N.J. Apr. 15, 2003), *aff'd*, 122 F. App'x 398 (3d Cir. 2005), which held that "New Jersey courts have consistently applied the law of the

state of employment to workplace claims, and have therefore only applied the NJLAD if the plaintiff worked in New Jersey." (Id. at) (quoting *Satz*, 2003 WL 22207205, at *16). Accordingly, Judge Mannion found that Mr. Mahanandigari could not maintain an NJLAD claim since he did not work in New Jersey. (Id).

Judge Mannion also held that Mr. Mahanandigari could not maintain a common law employment discrimination claim since NJLAD subsumed such a claim. (Id.). In reaching this conclusion, Judge Mannion noted that the case Plaintiffs had relied on had been overruled by legislation a year after said case was decided. (Id. at 6-7). Hence, Judge Mannion found NJLAD to be an exclusive remedy when a claimant seeks to bring an employment discrimination action in New Jersey. (Id. at 7) (quoting N.J.S.A. 10:5-27) ("the procedure herein provided shall, while pending, *be exclusive*; and the final determination therein shall exclude any other action, civil or criminal, based on the same grievance of the individual concerned.") (emphasis added). Consequently, Judge Mannion found that Mr. Mahanandigari could not maintain a common law employment discrimination claim. Finally, Judge Mannion also determined that Plaintiffs could not maintain claims for breach of contract or breach of the implied covenant of good faith and fair dealing because said claims are state claims and thus this Court would lack subject matter jurisdiction. (ECF No. 40 at 8). Judge Mannion also concluded that any further amendments would be futile. (Id.). Thus, Judge Mannion recommended denying Plaintiffs' Motion to Reopen Case and Amend Complaint.

## II. **LEGAL STANDARD**

When a magistrate judge addresses motions that are considered "dispositive, he or she will submit a report and recommendation to the district court. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72; L. Civ. R. 72.1(a)(2). Additionally, a magistrate judge may also utilize a report and

recommendation to resolve non-dispositive motions. *Id.*; *id.*; *id.* In order to resolve objections to the magistrate judge's report and recommendation, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Thus, unlike an order issued by a magistrate judge, a report and recommendation does not have the force of law unless and until the district court enters an order accepting or rejecting it. *See United Steelworkers of Am. v. N. J. Zinc Co., Inc.*, 828 F.2d 1001, 1005 (3d Cir. 1987). The standard of review of a magistrate judge's determination depends upon whether the motion is dispositive or non-dispositive. For dispositive motions, the district court must make a *de novo* determination of those portions of the magistrate judge's report and recommendation to which a litigant has filed an objection. Fed. R. Civ. P. 72(b)(3); L. Civ. R. 72.1(c)(2). However, for non-dispositive motions, the relevant statute requires this Court to apply the clearly erroneous standard of review upon appeal of the magistrate judge's report on certain pretrial, non-dispositive motions. *See* 28 U.S.C. § 636(b). Thus, a magistrate judge's adjudication of a non-dispositive motion will be set aside only if the order is found to be clearly erroneous or contrary to law. *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1111, 1113 (3d Cir. 1986), *cert. denied*, 484 U.S. 976 (1987) (citing 28 U.S.C. § 636 (b)(1)(A)).

### III. ANALYSIS

The Court adopts Judge Mannion's Report and Recommendation and denies Plaintiffs' "Motion to Reopen and Amend Complaint." A *de novo* review in this matter is not necessary since the pending Motion is not dispositive. Rather, Plaintiffs' Motion is non-dispositive since the Court has already dismissed Plaintiffs' case and denied Plaintiffs' Motion to Reconsider same. Moreover, denying Plaintiffs' request to amend their complaint to assert only state law claims is not fatal to Plaintiffs' claims, since this determination is merely a conclusion by this Court that it

lacks subject matter jurisdiction over said claims and Plaintiffs may pursue same in the Superior Court of New Jersey. In essence, Plaintiffs' current Motion to Reopen Case and Amend Complaint is a Motion for Reconsideration, a Motion this Court has already disposed of. *See DaPonte v. Barnegat Twp. Sch. Dist. Bd. of Educ.*, 2015 U.S. Dist. LEXIS 118136, at *5-6 (D.N.J. Sept. 3, 2015). Moreover, the Court would reach the same conclusion if it applied the *de novo* standard of review, based on the law discussed herein when same is applied to the facts of this case.

The Court agrees with Judge Mannion that Mr. Mahanandigari may not maintain an NJLAD claim since he did not work in the State of New Jersey, and, therefore, may not bring an action under the statute. *See Satz*, 2003 WL 22207205, at *16. Moreover, New Jersey law is clear that a plaintiff seeking redress for employment discrimination may only do so under NJLAD. *See* N.J.S.A. 10:5-27. Hence, no common law employment discrimination may be brought by Mr. Mahanandigari. Additionally, the Court agrees with Judge Mannion that this Court is without subject matter jurisdiction over the breach of contract and breach of the implied covenant of good faith and fair dealing claims. Indeed, there is no federal question jurisdiction in this case since the only claims advanced are state law claims, and there is no diversity jurisdiction because there are no allegations that the two contract based claims, alone, exceed $75,000. *See* 28 U.S.C. § 1332(a). Hence, the Court agrees that Mr. Mahanandigari may not advance his contract based claims here in this Court. Finally, based on the history of this case, the numerous opinions written by this Court and Judge Mannion's own independent assessment of the action, the Court finds that any further amendments would be futile.

The Court finds that all of the aforementioned conclusions and recommendations by Judge Mannion are appropriate. Judge Mannion outlined the factual and procedural background of the case at length. Thereafter, Judge Mannion engaged in a detailed analysis of the pending claims

and their viability. After doing so, and reviewing all relevant state and federal law, Judge Mannion came to the conclusion that Plaintiffs' Motion should be denied. As noted above, each of Judge Mannion's conclusions are supported by consistent legal authority; whether by case law or statute. Thus, this Court will adopt Judge Mannion's Report and Recommendation. Accordingly, Plaintiffs' Motion to Reopen Case and Amend Complaint is be denied.

## IV. <u>CONCLUSION</u>

For the reasons set forth above, the Court adopts Judge Mannion's Report and Recommendation and denies Plaintiffs' Motion to Reopen Case and Amend Complaint. An appropriate Order accompanies this Opinion.

DATED: January _11_, 2018

JOSE L. LINARES
Chief Judge, United States District Court